IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

WENI AMRICH,

Plaintiff,

vs.

TRINITY REAL ESTATE INVESTMENTS, LLC, *et al.*,

Defendants.

Case No. 26-cv-00409-DKW-WRP

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Weni Amrich initiated this action in the First Circuit Court of the State of Hawaiʻi against Trinity Real Estate Investments, LLC ("Trinity"), Kevin Hayashi, Jeffrey Barry, Sean Hehir (collectively "Named Defendants"), and Doe Defendants 1–25 (with Named Defendants, collectively, "Defendants"), claiming that Defendants engaged in unlawful discrimination and retaliation against her in the workplace, ultimately resulting in her termination. Dkt. No. 1-2.[1] Named Defendants removed the action to this Court solely on diversity grounds, Dkt. No. 1, arguing, *inter alia*, that Hayashi had been "improperly joined" in order to defeat diversity jurisdiction. Amrich now moves to remand ("Motion"), Dkt. No. 7, on the

[1]The Complaint was filed in state court on July 10, 2026 and amended on July 20, 2026. Both the Complaint and First Amended Complaint ("FAC") are attached to Named Defendants' Notice of Removal, Dkt. No. 1-2.

ground that this Court lacks subject matter jurisdiction due to a lack of complete diversity.

Having reviewed the Motion, the pleadings, the parties' briefs, the relevant legal authorities, and the record generally, the Court finds that remand is appropriate. Specifically, contrary to Named Defendants' arguments, the properly considered record here does not establish that Hayashi was improperly joined. Thus, because all parties agree that Hayashi's citizenship clashes with Amrich's for purposes of diversity, subject matter jurisdiction does not exist. Accordingly, the Motion is GRANTED, as explained below.

## <u>FACTUAL & PROCEDURAL BACKGROUND</u>

### I. The FAC

The following facts are taken from the FAC. Dkt. No. 1-2 at 5–14.[2]

Amrich is a 47-year-old woman of Chinese descent. *Id.* at ¶¶ 10–11. She was hired by Trinity as its Corporate Controller in August 2023. *Id.* at ¶ 17. Hayashi was Trinity's Chief Financial Officer and Amrich's supervisor. *Id.* at ¶ 18. Amrich claims that Hayashi discriminated against women and those of Chinese descent, including her. *Id.* at ¶¶ 19–22. She further alleges that Hayashi "constantly" yelled at and belittled her to the point she was reduced to tears. *Id.* at ¶¶ 23–30.

[2]Because the submitted documents from the state court record are not consecutively paginated, the Court cites to the page numbers created by CM/ECF in the top right-hand corner of the filing, *i.e.*, "Page 5 of 28."

On September 29, 2025, Amrich submitted a written complaint about Hayashi's alleged conduct to Hehir, who served as Trinity's Managing Partner, President, and Chief Executive Officer. *Id.* at ¶ 31. She also copied Barry, who served as Trinity's General Counsel and Chief Administrative Officer. *Id.* at ¶ 32. Amrich alleges that Trinity failed to investigate her complaint or enact corrective measures, and that it showed her complaint to Hayashi. *Id.* at ¶¶ 33–35. Amrich was fired the following day. *Id.* at ¶¶ 36–37. Trinity sent Amrich an email stating that the decision to fire her had been reached five days earlier—four days before she submitted her complaint. *Id.* at ¶ 38. Amrich claims that Trinity sent the email to obscure its illegal conduct, and that she had not previously received any disciplinary actions or indications that her employment was in jeopardy. *Id.* at ¶¶ 38–41.

Amrich asserts that Hawaiʻi law applies and asks for "all equitable and legal remedies and damages" available under the relevant state statutes, including punitive damages. *See id.* at ¶¶ 42–69.

## II. Procedural History

On July 10, 2026, Amrich initiated this action in Hawaiʻi state court, asserting claims of (1) workplace discrimination on the basis of race, sex, and age under Hawaiʻi Revised Statutes ("H.R.S.") Section 378-2(a)(1) (against Trinity); (2) workplace retaliation under H.R.S. Section 378-2(a)(2) (against Trinity); (3) aiding and abetting and "common law liability for intentional participation in illegal

conduct" under H.R.S. Chapters 368 and 378 (against Hayashi, Barry, and Hehir); and (4) whistleblower protection under H.R.S. Section 378-61 (against Trinity). *Id.* at 18–27, ¶¶ 42–69.

The FAC states that Amrich, Hayashi, Barry, and Hehir were residents of Hawaiʻi, and that Trinity was "organized under the laws of the State of Delaware" but that it did "business within the State of Hawaiʻi." *Id*. at 5–14, ¶¶ 1–4. The FAC further states that Doe Defendants 1–25 are "individuals, corporations, partnerships, limited partnerships, joint ventures, and/or other entities named hereunder fictitious names," but provides no concrete allegations concerning these defendants, their citizenship, or their conduct. *Id*. at ¶ 5.

On August 3, 2026, Named Defendants removed the action to this Court on the basis of diversity jurisdiction. Dkt. No. 1. They agree that Amrich and Hayashi are citizens of the State of Hawaiʻi, but contend that Barry is a citizen of California, Hehir is a citizen of Florida, and none of the owners or members of Trinity are citizens of Hawaiʻi. *Id*. ¶¶ 4–8. Named Defendants argue that, although Hayashi is a citizen of Hawaiʻi, his citizenship should be disregarded for the purposes of diversity because he has been improperly joined. *Id*. ¶ 8.

On August 5, 2026, Amrich moved to remand. Dkt. No. 7. Amrich concedes that she and Hayashi are the only two named Hawaiʻi citizens in this action, but contends that Hayashi was properly joined and, therefore, complete diversity does

not exist, as required. *Id.* Named Defendants oppose the Motion, arguing that Amrich cannot sustain her claim against Hayashi ("Opposition"), Dkt. No. 12, a position to which Amrich has replied, Dkt. No. 13. After taking this Motion under submission without oral argument, Dkt. No. 14, this Order now follows.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. Sections 1441(a) and 1446(b), any civil action brought in a state court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action and the removal is timely. Under 28 U.S.C. Sections 1331 and 1332(a)(1), this Court has original jurisdiction of all civil actions involving, respectively: (i) federal law, and (ii) an amount in controversy in excess of $75,000 and complete diversity of citizenship. Complete diversity means that "the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

One exception to the complete diversity requirement is fraudulent joinder. *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is deemed fraudulent where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Morris*, 236 F.3d at 1067).

Although courts typically consider only the facts in a plaintiff's pleading to determine removability, where fraudulent joinder is an issue, the removing defendants are entitled to present "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004)). The court's role is to consider "whether the plaintiff truly had a cause of action against the alleged sham defendants," not whether the "defendants could propound defenses to an otherwise valid cause of action." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

In addition, there is a "general presumption against fraudulent joinder," which must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The removing defendants therefore bear the heavy burden of facing "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (internal citations and quotation marks omitted). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## DISCUSSION

Named Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) and 1441(a). Dkt. No. 1 at 2. Amrich argues

that this case should be remanded for lack of complete diversity because Hayashi and Amrich are both citizens of Hawaiʻi. Dkt. No. 7 at 10. Named Defendants counter that Hayashi was fraudulently joined and therefore cannot be used to defeat diversity jurisdiction. Dkt. No. 12. For the reasons set forth below, the Court agrees with Amrich that this action should be remanded due to a lack of complete diversity.

Amrich claims that Hayashi violated H.R.S. Section 378-2 for aiding and abetting discrimination. Dkt. No. 1-2 at 5–14, ¶¶ 54–58. Named Defendants first argue that Hayashi could not have aided and abetted himself in discriminating against Amrich. Dkt. No. 12 at 10–15. Although Named Defendants are right that Amrich could not sustain a theory that relied upon Hayashi aiding himself, Amrich does not rely on any such theory. Instead, she alleges that Hayashi aided and abetted the other Named Defendants in retaliating against Amrich after Trinity showed Hayashi her complaint. *See* Dkt. No. 1-2 at 5–14, ¶¶ 31–37, 54–58. Named Defendants' argument therefore fails to show that Hayashi was fraudulently joined.

Named Defendants next argue that Amrich cannot state a claim against Hayashi by simply claiming that showing Hayashi the complaint amounted to aiding and abetting. Dkt. No. 12 at 15–16. But, again, the best reading of the Complaint is that Hayashi aided and abetted in the retaliatory firing after he saw Amrich's complaint, not that he simply saw the complaint and did nothing more. Amrich's theory presents a valid cause of action under the statute. *See, e.g.*, *Jarvis v. Corteva*

*Agriscience, LLC*, 2025 WL 1312119, at *1, 4–12 (D. Haw. May 6, 2025) (denying summary judgment under H.R.S. § 378-2 where employee contended he was fired in retaliation for opposing discrimination). To the extent the state court finds Amrich's theory to be unclear, this is the very sort of deficiency that can be cured by granting leave to amend. *See Grancare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018) (explaining that when assessing fraudulent joinder, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").[3]

Finally, Named Defendants argue that "[t]he record forecloses the possibility" that Amrich could make out a claim that her firing was retaliatory, and therefore there was no retaliation for Hayashi to aid or abet. Dkt. No. 12 at 16–20. This argument relies almost exclusively on extensive factual additions Named Defendants supplied in their Opposition and corresponding declarations. *See id.* In those additions, for instance, which appear nowhere in the pleadings, Named Defendants assert that the decision to terminate Amrich was made before Amrich submitted her complaint and was confirmed without Hayashi's input. *Id.* As previously discussed, although a defendant is entitled to present facts outside the

---

[3]It is reasonable to expect Amrich would be allowed to amend her Complaint given Hawai'i's liberal rules on amended pleadings. *See Kamaka v. Goodsill*, 176 P.3d 91, 111 (Haw. 2008) (citing Haw. R. Civ. P. 15(a)(2)'s directive that leave to amend should be "freely given when justice so requires").

pleadings to establish fraudulent joinder, those factual additions should be "discrete and undisputed," lest they move the inquiry past jurisdiction to the merits. *Hunter*, 582 F.3d at 1044 (internal citations omitted); *see Unterberg v. Exxon Mobil Corp.*, 2014 WL 3420779, at *6 (D. Haw. July 10, 2014). The pages of new facts Named Defendants provide exemplify this concern. *See* Dkt. No. 12 at 5–8. This is a motion to remand, *not* a motion for summary judgment or even a motion to dismiss. Although Named Defendants will later have the opportunity to make a full factual showing and present their defenses, that is not the task at hand. *See Ritchey*, 139 F.3d at 1318 (explaining that fraudulent joinder "d[oes] not key on an inquiry as to whether [] defendants [can] propound *defenses* to an otherwise valid cause of action") (emphasis added). Rather, their burden at this stage is to show that Amrich "fails to state a cause of action," which failure is "obvious." *Weeping Hollow*, 831 F.3d at 1113 (quoting *Morris*, 236 F.3d at 1067). On the properly considered record here, Named Defendants have failed to make this showing.

Consequently, because the heavy burden of establishing fraudulent joinder falls on Named Defendants, and because Named Defendants have not satisfied that burden, the Court does not find that Amrich fraudulently named Hayashi in this action, much less did so for purposes of defeating diversity. Accordingly, Amrich's Motion is GRANTED.

## CONCLUSION

For the reasons set forth herein, Amrich's Motion to Remand, Dkt. No. 7, is GRANTED. This case is hereby REMANDED to the First Circuit Court of the State of Hawai'i, pursuant to 28 U.S.C. Section 1447(c).

The Clerk is instructed to mail a certified copy of this Order to the clerk of the First Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

DATED: October 13, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge